STEPHEN L. COLLIER, ESQ., CA State Bar #124887
TENDERLOIN HOUSING CLINIC, INC.
126 Hyde Street, 2nd Floor
San Francisco, CA 94102
Telephone: (415) 771-9850
Facsimile: (415) 771-1287
E-mail: steve@thclinic.org

Attorney for Plaintiffs HEIDI ALLETZHAUSER
& PROJECT SENTINEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEIDI ALLETZHAUSER, PROJECT SENTINEL, a California non-profit public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>GERALD K. WOLF, DEBORAH D. WOLF, individually and as Trustees of the WOLF REVOCABLE TRUST, DATED FEBRUARY 8, 2000, DOES 1-50, inclusive,<br><br>Defendants. | Case No. CV 10 2395 EDL<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; DEMAND FOR JURY TRIAL |

1. This action is for declaratory judgment, permanent injunctive relief, and damages for a pattern of discrimination on the basis of familial status in housing. This action arises under the Fair Housing Act of 1968, as amended, 42 U.S.C. § 3601 *et seq.*

JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court by 42 U.S.C. § 3613 and by 28 U.S.C. § 1331, as this case arises from violations of the Federal Fair Housing Act. Plaintiffs ask the Court to exercise pendent jurisdiction over the Second through Fifth Causes of Action.

3. Venue is proper in this district as the claim arose in San Francisco, California.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY DEMAND     1

## INTRADISTRICT ASSIGNMENT

4. Assignment to the San Francisco division is proper as this action arose in San Francisco, California.

## PARTIES

5. Plaintiff Heidi Alletzhauser is an adult currently residing in San Francisco, California. Ms. Alletzhauser is the mother of four children who, together with her husband, reside together as a family. On October 25, 2009, plaintiff's children were 16, 14, 11 and 8 years of age.

6. Plaintiff Project Sentinel is a California non-profit public benefit corporation whose purpose is to provide counseling and referral service to prospective and actual renters and home buyers, promote non-discrimination in housing in the San Francisco Bay Area, and to assist in the enforcement of fair housing laws.

7. Defendant Wolf Revocable Trust, dated February 8, 2000, is the owner of the apartment building located at 149 Elsie Street, San Francisco, California (hereinafter "the subject premises"), at all relevant times herein. Defendants Gerald K. Wolf and Deborah D. Wolf are and were the Trustees of the Wolf Revocable Trust, dated February 8, 2000 at all relevant times herein.

8. Plaintiffs are ignorant of the true names and capacities of Does 1-50, and therefore sue these defendants by such fictitious names. Plaintiffs will amend the Complaint to allege their true names and capacities when these are ascertained.

9. At all times mentioned herein, each of the defendants was the agent of the other defendants and was acting within the course and scope of that agency in undertaking the acts alleged in this Complaint.

## STATEMENT OF FACTS

10. On or about October 25, 2009, defendants posted an advertisement on Craigslist for the rental of a "two bedroom plus den/office designer loft house" located at 149 Elsie Street, in the Bernal Heights neighborhood of San Francisco, CA. The rent for the house was listed at $2,995.00 per month. Plaintiff Heidi Alletzhauser saw this posting on Craigslist. On

1  or about October 26, 2009, plaintiff Alletzhauser called defendant Gerald K. Wolf and left a
2  message inquiring about the posting. Defendant Gerald Wolf called plaintiff back that day and
3  asked plaintiff how many people would be renting. Plaintiff indicated the unit would be for
4  herself, her husband and her four children. Defendant also stated that the house was 2,000
5  square feet, and was "actually a three-bedroom." An appointment was set for 3:00 p.m. that day
6  for plaintiff to view the unit, but defendant stated that he would have to check with the other
7  owner about whether they would accept six people. Defendant called back one hour later that
8  day and said he had spoken to the other owner and that the owners did not want to rent to six
9  people. He stated that if plaintiff applied, he would keep the listing open for at least five days
10 to see if others applied.

11      11.     On or about October 28, 2009, plaintiff Alletzhauser contacted plaintiff Project
12 Sentinel and requested that they investigate the owners of 149 Elsie Street because she felt that
13 she was a victim of discrimination on the basis of familial status. On October 29, 2009, Project
14 Sentinel had one of its fair housing testers (hereinafter "Tester 1") call the telephone number
15 listed on the Craigslist posting and spoke with defendant Gerald Wolf. Defendant Wolf stated
16 that he wanted to ask Tester 1 a few questions first. He asked Tester 1 how many people
17 would be living in the house. Tester 1 replied "well it's me and my husband and we have four
18 young kids." Defendant stated that a six person household would not work. He added that if
19 Tester 1 had two kids it would be okay but that six people wouldn't work because the home is
20 only 1,800 square feet. Tester 1 then thanked defendant and terminated the telephone call.

21     12.     On October 30, 2009 at 2:03 p.m., Project Sentinel had a second fair housing
22 tester (hereinafter "Tester 2") call defendant Gerald Wolf at the telephone number listed on the
23 Craigslist posting. When Tester 2 spoke to Gerald Wolf, he asked Tester 2 how many people
24 would be living in the house. Tester 2 replied that she was a single parent with four children.
25 Defendant stated that he did not think the place was large enough for four children. He said
26 two children would be no problem but that four was too many. Defendant stated that he was
27 showing the home to a couple with one child and that they were financially solvent. He told
28 Tester 2 that he couldn't say he wouldn't rent to children, but if he had a choice of renting to a

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY DEMAND                    3

1  family with one child or a family with four children, he would prefer to rent to a family with
2  one child. Tester 2 then ended the telephone call.

3     13.    On October 30, 2009, at 5:21 p.m., Project Sentinel had a fair housing tester
4  (hereinafter "Tester 3") call the telephone numbers listed on the Craigslist posting. Tester 3
5  spoke to defendant Gerald Wolf who asked how many people would be living in the house.
6  Tester 3 replied herself and her three children. Defendant stated "that's too many people for
7  the house." He stated that he had a well-qualified couple with an infant that applied to rent the
8  house. Defendant added that there would be less wear and tear and that he would rather have
9  an infant than take four people. Defendant told Tester 3 to continue looking and that she would
10 find something. Tester 3 then ended the phone call.

11     14.    On October 31, 2009, at 11:48 a.m., Project Sentinel had a fair housing tester
12 (hereinafter "Tester 4") contact the telephone number listed on the Craigslist posting. Tester 4
13 spoke with defendant Gerald Wolf who asked how many people would be living in the house.
14 Tester 4 revealed that it would be her, her husband, and his parents. Defendant responded
15 "That's interesting. But that's a good thing." Defendant stated that he had promised another
16 couple that he would save it for them to make a decision until 5:00 p.m. that day. He told
17 Tester 4 that he would call her back around 5:30 p.m. to let her know. Defendant explained
18 that it could go either way. He explained that it was a couple and their child. He stated "I can't
19 legally say I don't want children. It's actually an infant who would be crawling around and
20 everything. I'd rather have four adults." Defendant described all the rooms to Tester 4 and
21 explained that it would work well with her situation. Defendant volunteered that he was a
22 general contractor in San Francisco with 11 rental homes. Tester 4 then left her name and
23 phone number with defendant.

24     15.    On October 31, 2009 at 2:30 p.m., Tester 4 received a telephone message from
25 defendant Gerald Wolf stating "Hi [Tester 4]. This is Jerry calling from the house at 149 Elsie.
26 I'm having a showing today at 3:30 and trying to see if something might work for you. You
27 can call me back at (415) 626-6650. The house in Bernal Heights at 149 Elsie. Okay.
28 Thanks."

COMPLAINT FOR DAMAGESAND INJUNCTIVE RELIEF; JURY DEMAND    4

16. Defendants' actions as described above constitute a pattern, practice and policy of housing discrimination on the basis of familial status. As a result of defendants' actions as described above, plaintiff Heidi Alletzhauser suffered, continues to suffer and will in the future suffer irreparable loss and injury, including but not limited to, frustration, humiliation, embarrassment, emotional distress, economic loss, loss of use, and deprivation of her rights to equal housing opportunities regardless of familial status.

17. Plaintiff Project Sentinel is committed and devotes resources to ensuring the equal availability of housing to all persons, without regard to handicap, race, religion, gender, national origin, or familial status. Project Sentinel identifies and seeks to eliminate discriminatory housing practices in the San Francisco Bay Area.

18. With respect to the facts set forth in this Complaint, Project Sentinel has devoted substantial efforts to respond to plaintiff Alletzhauser's request for assistance in investigating the discriminatory practices alleged herein. Those efforts include a substantial amount of hours spent by various individuals investigating this matter, and engaging various testers to counteract the Defendants' actions. Defendants' actions have caused Project Sentinel to devote scarce resources to these efforts, both in terms of person-hours and the use of resources and materials.

19. Defendants' actions have interfered with the efforts and programs of Project Sentinel by (1) forcing Project Sentinel to divert these scarce resources to identify and counteract the Defendants' unlawful practices, and (2) frustrating its mission of identifying and eliminating discriminatory housing practices against families with children in the San Francisco Bay Area.

20. In particular, Defendants' actions have set back Project Sentinel's goal of achieving fair housing for families with children by impeding their efforts to educate the public about discriminatory housing practices, and to provide counseling and referral services to the public about housing discrimination. The Defendants' actions have caused Project Sentinel to divert scarce resources away from its usual testing, education, counseling and referral services, in order to investigate and counteract the Defendants' unlawful practices.

21. In carrying out the conduct described above, defendants acted knowingly, willfully, wantonly and in reckless disregard of plaintiffs' right to fair housing regardless of familial status.

## FIRST CAUSE OF ACTION

(Violation of Fair Housing Act of 1968 as Amended)

22. Plaintiffs reallege and incorporate against all defendants the allegations contained in paragraphs 1 through 21 as though fully set forth herein.

23. Defendants, in violation of 42 U.S.C. § 3604(a), have discriminated against plaintiffs on the basis of familial status. Plaintiffs are "aggrieved persons" under 42 U.S.C. § 3602(i). Defendants discriminated against plaintiffs by refusing to rent, refusing to negotiate the rental of, and otherwise making unavailable or denying the rental of the 149 Elsie Street home to plaintiff Alletzhauser and Project Sentinel's testers because of familial status.

24. Defendants, in violation of 42 U.S.C. § 3604(c), also discriminated against plaintiffs on the basis of familial status, by making and publishing statements indicating a preference, limitation or discrimination based on familial status, or an intention to make any such preference, limitation or discrimination.

## SECOND CAUSE OF ACTION

(Violation of Unruh Act – California Civil Code § 51)

25. Plaintiffs reallege and incorporate against all defendants the allegations contained in paragraphs 1 through 24 as though fully set forth herein.

26. Defendants, in violation of California Civil Code § 51, have arbitrarily discriminated against plaintiffs on the basis of plaintiff Alletzhauser and Project Sentinel testers' familial status and the age of their children.

## THIRD CAUSE OF ACTION

(Violation of California Government Code § 12900 et seq.,
The Fair Employment and Housing Act)

27. Plaintiffs reallege and incorporate against all defendants the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY DEMAND 6

28. Defendants, in violation of California Government Code § 12955, discriminated against plaintiffs on the basis of familial status.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

29. Plaintiff Alletzhauser realleges and incorporates against all defendants the allegations contained in paragraphs 1 through 28 as though fully set forth herein.

30. By engaging in the conduct alleged herein, defendants acted with full knowledge or substantial certainty of the extreme mental suffering their acts have caused plaintiff Alletzhauser.

31. As a direct and proximate result of defendants' conduct, plaintiff was specifically injured and suffered severe emotional distress, inconvenience, anxiety, economic loss, mental anguish, all to her detriment in amounts to be determined at trial.

32. The conduct of defendants alleged above was deliberate, willful, and malicious. Plaintiff is therefore entitled to punitive damages in amounts to be determined at trial.

## FIFTH CAUSE OF ACTION

(Unfair Business Practices)

33. Plaintiffs reallege and incorporate against all defendants the allegations contained in paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiffs bring this action under California Business and Professions Code § 17200 et seq. as private persons affected by the acts described in this claim.

35. At all relevant times herein, defendants were duly authorized to conduct business under the laws of the State of California in the City and County San Francisco. In conducting said businesses defendants are obligated to comply with the laws of the United States, the State of California and the City and County of San Francisco. Plaintiffs allege that is the regular practice of defendants to discriminate against prospective renters on the basis if familial status in violation of federal and state law. By reason of said acts, defendants have engaged in the unfair business practices in violation of California Business & Professions Code § 17200 et seq.

COMPLAINT FOR DAMAGESAND INJUNCTIVE RELIEF; JURY DEMAND                 7

36. As a direct and proximate result of said practices, plaintiffs and other members of the public have been and will be damaged. Plaintiffs have suffered and continue to suffer monetary loss and loss of a possessory interest in real property as a result of defendants' conduct.

WHEREFORE, PLAINTIFFS PRAY FOR RELIEF AS FOLLOWS:

1. That the Court declare the action of defendants complained of herein to be in violation of the Fair Housing Act of 1968, as amended, 42 U.S.C. §§3601 et seq., California Government Code §§ 12900 et seq., and California Civil Code § 51.

2. That defendants be ordered to take appropriate affirmative actions to ensure that the activities complained of above are not engaged in again by them or any of their agents.

3. That defendants, their agents, employees, and successors be permanently enjoined from discriminating on the basis of familial status against any person in violation of the Fair Housing Act of 1968, as amended, the California Fair Employment and Housing Act, and California Civil Code § 51.

4. That plaintiffs be awarded general and special damages according to proof.

5. That plaintiffs be awarded treble damages pursuant to Civil Code § 52 according to proof.

6. That plaintiffs be awarded exemplary damages according to proof.

7. That plaintiffs be awarded costs and reasonable attorney's fees in this action.

8. That plaintiffs be awarded any further relief that the Court deems just and proper.

### JURY DEMAND.

Pursuant to FRCP 38(b), plaintiffs hereby demand a trial by jury on all issues so triable in the matter.

Dated: May 27, 2010

_____
Stephen L. Collier
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; JURY DEMAND     8